37  569
47  1229
47  1576

## No. 9417.

### The State of Louisiana vs. Philogene Simon.

The verdict of a jury in a criminal trial need not be written.

We have no code of practice for criminal causes but follow the common-law procedure in them, and written verdicts are unknown to that system. Verdicts in criminal trials are delivered by the foreman of the jury *ore tenus* and are recorded by the clerk.

Where a witness introduced by the defendant has sworn that he did not know a certain thing to have happened, and other witnesses are offered by the defendant to prove that it did happen and he knew it, their testimony should be received although the effect of it is to contradict his own witness. The main substantive thing to be proved was a fact inconsistent with the prisoner's guilt and the knowledge of that fact by the first witness was only an incident.

APPEAL from the Twenty-first District Court Parish of St. Martin. *Gates*, J.

*C. H. Mouton*, District Attorney, for the State, Appellee.

*Felix Voorhies* and *Mouton & Martin* for Defendant and Appellant.

The opinion of the Court was delivered by

Manning, J. From a conviction of larceny and a sentence thereon to two years' hard labour the defendant appeals.

One of the grounds of the motion for a new trial is misconduct of the jury in asking and receiving instructions from the sheriff touching their verdict after they had retired for deliberation.

The facts were, after the jury had determined upon their verdict the foreman rapped the door, the usual signal for their officer to come, and on the sheriff appearing the foreman asked him how he should write the verdict. The sheriff answered he must go and ask the judge, but the foreman clutched him by the sleeve and repeated the question, whereupon the sheriff said he must write guilty or not guilty whichever the verdict was, and then the sheriff went straightway in the court room and told the judge. The judge then sent for the jury and he says he instructed the foreman how to write the verdict and sent them back.

This is not such misconduct as vitiates the verdict, although the sheriff should not have answered the foreman's question at all but have informed the judge at once instead of answering and then telling the judge.

It is curious however that neither the Court nor any of its officers seem to have remembered that the verdict need not have been written at all. We have no code of practice for criminal causes but follow the procedure of the common law in those matters, and at common law verdicts are not written. They are delivered by the foreman *ore tenus* and are recorded by the clerk, the following of which simple form would have obviated the necessity of sending the jury to and fro with worthless instructions.

Another ground is the refusal of the Court to hear the testimony of five witnesses offered by the defendant, says the bill, to impeach the testimony of a witness of his own. The circumstances were these;—

Ulysse Lorins had been subpœnaed as a witness by the State and the accused. The State did not offer him. The accused did. The larceny charged was of a cow and the accused expected to prove by Lorins that he had bought the cow of one Victorin and Lorins had seen him pay for her, but Lorins swore he had not witnessed such payment and knew nothing of the matter. The five witnesses were offered to prove that the defendant did buy the cow and paid for her. They were expected to prove also that Lorins did know of such purchase and payment having been present thereat, but that was not the main and substantive fact to be established but rather an incident, and although the bill states the object of the testimony was to impeach his own witness, we cannot permit clumsiness in draughting a bill of exceptions to deprive a convicted party of opportunity to vindicate his innocence, if so be he is innocent. It is manifest from the recitals in the bill what the object of the proffered testimony was, viz to establish a fact inconsistent with and repugnant to the guilt of the

accused as charged, and the circumstance that in establishing it, another witness of the defendant would be shewn to have sworn falsely is not an obstacle to the introduction of the evidence.

The books say such contradicting evidence may be introduced when the accused has been taken by surprise by an artful or untruthful witness when the main object of the evidence is to contradict another witness on the same side. 1 Greenleaf Ev. § 444; Roscoe Cr. Ev. 170; Proffatt's Jury Trials, 231.

A new trial must be granted for the correction of this error.

It is therefore ordered and decreed that the verdict of the jury is set aside and the sentence thereon is avoided and the cause is remanded for a new trial.