MONROE, J.
Defendant, having been tried for murder and convicted of manslaughter, has appealed.
The first bill of exceptions recites that “the defendant set up the plea of self-defense, and offered testimony to prove that he was at his place of habitation at the time of the homicide,” and that his counsel specially requested the court to charge that “the law of self-defense does not require one whose life has been threatened to leave his home or to secret himself to avoid his foe,” etc.; the requested charge being an excerpt from Desty’s Am. Cr. Law, p. 87. The second bill contains a similar recital as to defendant’s plea and his offer of testimony, and the further statement that his counsel requested the trial judge specially to charge, “immediately following his charge on self-defense, it is a defense against present unlawful attack, or where an assault is made with *64 a deadly weapon, or where one is assaulted, in his habitation.”
These charges were refused on the ground that the law applicable to the ease had been explained to the jury in the general charge, and the exception to this ruling is based on the fact .that the general charge contained no special reference to the law of self-defense as applicable to the case of one whose life is threatened and who is attacked whilst in his place of habitation, and who there kills the threatening or attacking party. It does not, however, appear from the recitals of these bills, or otherwise, that any testimony was offered tending to show that the accused was either threatened or attacked. Hence there was no reason, so far as we are informed, why the judge should have given any instructions whatever concerning the law of self-defense. Beyond this, whilst it is true that the bills recite in general terms that the defendant had offered testimony to prove that he was at his place of habitation at the time of the homicide, they do not give the names of the witnesses or the substance of their testimony, and the recitals are not sustained by (what we suppose are intended as) the statements of fact, prepared by the clerk, under Act No. 113, p. 162, of 1898, which we find in the record, but which are not (as required by the act) attached to the bills. Under these circumstances the statement per curiam, though likewise in general terms, that the law applicable to the facts of the case had been explained in the charge given, is conclusive.
Bill No. 4 shows that the district attorney, in arguing the case, said that “deceased, in all probability, had had reason to believe that there was an intimacy existing between the accused and Fanny Law, the woman the deceased was keeping, or living with, at the time he was killed, and that he (the deceased) had reason to think so,” to which counsel objected on the ground that no testimony liad been introduced showing any intimacy between the accused and the woman referred to. The judge, in signing the bill, says:
“The above bill is correct. The facts of the case justified the argument of the district attorney.”
We find, however, on page 22 of the transcript the following, to wit:
“(4) By. Mr. Bankston (defendant’s counsel) : We object to the statement made by the district attorney in his argument to the jury, viz., that he [the deceased] in all probability had reason to believe that there was intimacy existing between the accused and Fanny Law, the woman the deceased was keeping, or lived with, at the time he was killed. And further on in his argument the district attorney said that he [deceased] had reason to think so.
“By the Court: The court rules that that is substantially correct, the remark made by the district attorney; that no evidence had been introduced by any witness on the stand, either by inference or by statement, that there was any intimacy or familiarity between the accused on trial and the woman, or the wife, of the deceased, John Jackson, alias Cube Jackson. The court overrules the objection and authorizes the district attorney to continue his argument.”
This statement is not separately and specifically certified by the clerk to be the statement, or taking down of the facts, as contemplated by Act 113 of 1896, upon which the objection presented by the bill is predicated, nor is it attached to the bill, as provided by that act, but at the end of the transcript the clerk certifies:
“The within and foregoing [from pages 1 to 23, inclusive] to be a full and correct transcript of all documents filed, entries in the minutes, statements of facts, and all proceedings had in the case.”
Whilst, therefore, it is-highly desirable that the act of 1896 should be strictly conformed to whenever invoked or applied, and whilst the finding, or statement, of facts, made pursuant to said act, should, by its terms, identify itself with the objection and bill of which it is intended to serve as a basis, and whilst such finding, in case of appeal, should in point of fact be attached to the bill, nevertheless we do not think that a defendant in a criminal prosecution should be prejudiced *66 by tbe failure of tlie clerk in those respects, where, from a comparison of the statement with the bill, as both appear in the transcript, the connection between them is apparent and unmistakable. We therefore hold the foregoing to he a taking down of the facts, within the meaning of Act No. 113, p. 162, of 1890, for the purposes of the bill under consideration, and so holding must accept it as “a correct statement” (of the facts and ruling) “upon which the exception is based.”
The question, then, is, was there reversible error in the judge overruling the defendant’s objection and authorizing the district attorney to continue his argument? We think there was. The remarks objected to assumed as a fact that the deceased had reason to believe that the accused was intimate with his wife, or the woman with whom he lived, although such assumption was wholly unauthorized by any testimony that had been given; and the overruling of the objection, together with the permission given to the district attorney to proceed with his argument, was -equivalent to instructing the jury that, notwithstanding they were unsupported by testimony, tbe remarks were entitled to consideration. The error in this ruling is manifest, and it could hardly have failed to prejudice the accused in the minds of the jurors; and prejudicial error in the ruling of the trial judge is reversible error.
As was said by this court in the case of State v. Thompson, 106 La. 366, 30, South. 897 (and quoted with approval iu State v. Blackman, 108 La. 124, 32 South. 334, 92 Am. St. Rep. 377):
“There is ample authority in support of the doctrine that it is reversible error for the trial judge to fail, of his own motion, to give such instructions as will efface from the minds of the jurors the impression made by statements of counsel which are unauthorized and prejudicial, and there are many cases in which it has been held that the wrong done is not remedied even by such instructions.”
The remaining bills, 3, 5, 6, and 7, are without merit.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court, to be there proceeded with according to law.