LAND, J.
Plaintiff, an old man, sued for $3,000 damages, alleged to have been sustained by reason of the negligence of defendant’s conductor in putting him off a passenger train late at night at the wrong station. After pleading the general issue, the defendant averred:
“That in getting off at the wrong station plaintiff was guided by his own negligence, and not by any invitation or notice or fault of defendant’s agents.”
The case was tried before the court, without a jury, and judgment was rendered in *987 favor of the plaintiff for $250 damages and costs. Defendant has appealed, and the plaintiff has answered, praying for an increase of the amount of damages.
[1] Plaintiff got on the train at New Iberia on the night of December 11, 1911. His ticket called for Broussardville. He got off, or was put off, at Duchamp, a flag station, four miles east of his destination. On discovering his mistake, the plaintiff proceeded to the home of a gentleman residing at Duchamp, where he was hospitably received and entertained until the next day, and then was sent to Broussardville by private conveyance.
Romero, a fellow passenger occupying the same seat, testified that, when plaintiff handed his ticket to the conductor, he said:
“Mr. Conductor, I am old, do not know any one at Broussardville, therefore be sure to land me at that destination where some one is waiting for me.”
The same witness further testified:
“I can but say that while on the train I distinctly heard Mr. Perrett renew his request to the conductor to be sure to land him at his station Broussardville.”
This witness left the train before it reached Duchamp. Plaintiff testified to the same effect, and also that the conductor replied:
“All right, I will do so.”
What took place as the train reached Duchamp is related by the plaintiff as follows:
“Generally there is a person who passes and cries out the stations, but no one passed and said it was Broussardville but the conductor himself. He came to my seat and said, ‘Mister, you have arrived at your station, Broussardville.’ I did not know any better, thinking he knew the stations well on the route. I followed him. 1-Ie opened the side door of the train; as the train stopped, came down on the ground, helped me out of the train, and, the very minute I put my feet on the ground, I looked around both ways, I could see no lights, no buildings. I said, ‘Mr. Conductor, I do not see any lights or buildings.’ He said, ‘Walk a little piece and you will find the station.’ He was showing me backward of the train, and the train went off.”
A minute or so later, the plaintiff met a colored man, who testified, in part, as follows:
“Q. Now, which way did you go after you met him ?
“A. He asked me what place this was. I told him Duchamp.
“Q. What did he say?
“A. He said he had started to Broussardville, and they put him down on the wrong station.”
[2] This testimony was objected to by counsel for defendant. The objection was properly overruled. In view of the conflict of evidence in this case, the statement, if not a part of the res gestaa, was admissible as a declaration made at a time not suspicious, and tending to show that plaintiff’s story was not manufactured for the purposes of the suit.
The train auditor testified that he must have taken up the plaintiff’s ticket, as that was in the line of his duty, but does not remember the plaintiff or the particular night in question. At the same time the auditor denied that the pilaintiff requested to be put off at Broussard, or that he had anything to do with the plaintiff’s leaving the train at Duchamp.
The conductor testified that he did not remember the plaintiff or the taking up of his ticket by the auditor on the night in question. The witness further testified that he did not help the plaintiff off the train when it stopped at Duchamp, and would have remembered it if plaintiff had requested to be put off at Broussard.
The brakeman testified that he did not see the plaintiff or any other passenger leave the train at Duchamp, but, as the train pulled out, he saw a white man and two negroes standing near the track.
The porter, who was a colored man, was not called as a witness by the defendant.
The news agent testified that he heard the brakeman and porter both call out “Duchamp”; that the train stopped, and as it started he heard some one out on the platform say, “This is not Duchamp, it is Brous *989 sard.” The witness thought that the voice was that of a white man. The undisputed facts are that plaintiff was a passenger on the train; that his ticket calling for Broussardville as his destination was taken up by the auditor in the presence of the conductor; and that the plaintiff left the train at Duchamp. Neither the auditor nor the conductor remembered seeing the plaintiff on the train on the occasion in question, and therefore their denials of the statements of the plaintiff and Romero could not have been based on any independent recollection of the facts. The plaintiff was old, feeble, and nervous, was traveling at night, and was a comparative stranger to the stations on the route. He twice requested the auditor or conductor to be sure to put him off at Broussardville. Being assured that his request would be complied with, it is reasonable to suppose that the plaintiff remained in his seat, awaiting, the promised notice that the train had reached Broussardville. The plaintiff testified positively that he received such notice from the conductor, and was put off at Duchamp. The conductor did not remember the old man, and it is fair to presume that he did not remember the routine incident of putting him off at Duchamp. Judicial history shows that trainmen occasionally put passengers off at the wrong stations. A conductor, like other men, is liable to make mistakes' in performing the duties of his vocation. It is more reasonable to suppose that the conductor did not remember the incident than to assume that the plaintiff, who had held the offices of justice of the peace and of notary for many years, deliberately concocted a fraudulent scheme, backed by perjury, in order to obtain damages from the defendant.
After a careful review of the evidence, we are not prepared to say that the judgment below is clearly against the weight of the testimony.
The evidence shows at most a mistake on the part of the conductor or some other employe of the defendant company. The plaintiff, doubtless, was greatly distressed by being put off at the wrong station, but we think that the award of damages does justice between the litigants.
It is therefore ordered that the judgment below be affirmed.