(67 South. 930)

No. 21098.

STATE v. WASHINGTON.

(March 8, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬤⟿600, 720—ARGUMENT OF COUNSEL—IMPEACHMENT—ABSENT WITNESS —CONTINUANCE.

After admitting that an absent witness would, if present, testify as set forth in the de-fendant's motion for a continuance, the prosecuting attorney may introduce evidence to contradict or impeach the testimony which he admitted the absent witness would give, and' the prosecuting officer may therefore argue, from the evidence before the jury, that the testimony which the absent witness would give, if present, would be false. Nevertheless, the prosecuting attorney has no right to withdraw his admission after the evidence is all in, or argue to the jury that the absent witness would not have testified as the prosecuting officer admitted he would if present.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1342–1347, 1604, 1670, 1671; Dec. Dig. ⬤⟿600, 720.]

2. CRIMINAL LAW ⬤⟿730 — ARGUMENT OF COUNSEL—CURE OF ERROR.

When the prosecuting attorney, in his argument to the jury in a criminal case, indulges in remarks that are prejudicial to the defendant and improper under any circumstances or facts, the error is not corrected, but perhaps made worse, by the judge's instruction to the jury to disregard such remarks, unless borne out by the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. ⬤⟿730.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

William Washington was convicted of assault with intent to commit rape, and appeals. Reversed and remanded.

Thomas M. Bankston, of Amite, and Wm. A. Houghton, of Kentwood, for appellant. R. G. Pleasant, Atty. Gen., and Wm. H. McClendon, 'Dist. Atty., of Amite (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The appellant was indicted and tried for the crime of rape, was convicted of an assault with intent to commit rape, and sentenced to imprisonment in the penitentiary for 15 years.

When his case was called for trial, the defendant moved for a continuance on account of the absence of an important witness, who had not been summoned because the clerk of court had made a mistake in writing his name in the subpœna. The district attorney admitted that, if the witness were present,

he would testify as alleged in the defendant's motion for a continuance. The defendant then went to trial on this admission, without insisting upon a service of the subpœna.

[1] In his argument to the jury, the district attorney commented upon the absence of the witness, Varnado, thus:

"Gentlemen, while I admitted that, if Mr. Varnado were present, he would swear to the allegations set forth in the motion for a continuance, yet he did not swear before you, nor did he sign this affidavit as to what he would swear to. This affidavit is signed by the defendant, stating that he (Varnado) would swear to this if he were here. But, gentlemen, there is a good reason why he was not here. If he had been here and had sworn to these things as set out in this affidavit, he would have been guilty of a felony, and his evidence would have been sufficient to have convicted him."

The defendant's counsel objected to the foregoing comment upon the absence of the witness; "and," the bill of exception recites, "the judge instructed the jury to disregard any remarks of the district attorney not based on the evidence." Whereupon counsel for defendant reserved a bill of exceptions, which was later urged as one of the grounds for his motion for a new trial.

In his statement per curiam the trial judge says:

"If the witness had been present and had testified, the district attorney would certainly have had the right to criticize his testimony; and I believe he had the same right to comment upon and criticize what the defendant swore he (the absent witness) would have sworn to had he been present. To affect the credibility of the defendant as a witness, he clearly had the right to show the unreasonableness of the facts sworn to by the defendant."

The district attorney had the same right of impeachment and contradiction of the testimony which he had admitted the absent witness would give as if the witness had given the testimony; and therefore he had the same right to comment upon and criticize, in argument, the testimony which he had admitted the absent witness would give

as if the witness had testified at the trial. But we cannot agree with the learned trial judge that the credibility of the defendant as a witness could be affected by arguing the unreasonableness of the facts which he swore the absent witness would testify to, if present. The defendant's affidavit to the motion for a continuance recited merely that the absent witness would, if present, testify to the facts set forth in the motion; and the district attorney admitted what the affidavit recited; that is, that the absent witness would so testify, if present. After making that admission, the district attorney had the right to argue, from the evidence, that what the absent witness would have sworn to if present was not the truth. But he had no right to deny what he had admitted; that is, that the absent witness, if present, would testify to the facts set forth in the motion for a continuance.

[2] This part of the district attorney's argument was not confined to a criticism of the testimony which he had admitted the absent witness would give, if present. The argument was, in effect, that the absent witness would not testify to the facts which the district attorney had admitted he would testify to, if present.

The judge's instructions to the jury "to disregard any remarks of the district attorney not based on the evidence" did not help the situation, because the district attorney had no right to contradict what he had admitted, no matter what the evidence was; and the judge should have so instructed the jury.

Another bill of exceptions was reserved to the district attorney's reference to the prosecutrix as "a woman having white blood in her veins," and saying, "Gentlemen, do you believe that she would have had intercourse with this black brute?" And another bill was reserved to his turning to the defendant during the argument, and saying to the jury,

"Gentlemen, he is a beast and a brute of the lower beastly kind."

In his statement per curiam the judge says that, when the defendant's counsel objected to the above line of argument, he stopped the district attorney, and instructed the jury to "disregard any remarks of the district attorney and other counsel not based upon the testimony." The remarks above quoted were entirely improper, no matter what the testimony disclosed. The judge's instruction, on the contrary, implied that the appeal to the race prejudice and the scathing characterization of the defendant as a black brute of the lower beastly order were legitimate arguments, if based upon the testimony. This court has gone so far as to hold that the effect of an appeal to the race prejudice by a prosecuting officer in his argument before the jury cannot be counteracted by the judge's cautioning the jury to disregard such remarks. State v. Bessa, 115 La. 264, 39 South. 985.

Although, as a general rule, the verdict of a jury should not be set aside on account of improper remarks by the prosecuting attorney, when the judge has cautioned the jury to disregard such remarks, our conclusion is that the remarks made by the district attorney and the caution given by the trial judge to the jury in this case were of such a character as to compel our setting aside the verdict. Precedents for this ruling are to be found in State v. Williams, 116 La. 65, 40 South. 531, citing State v. Thompson, 106 La. 366, 30 South. 895; State v. Blackman, 108 La. 124, 32 South. 334, 92 Am. St. Rep. 377; State v. High, 122 La. 530, 37 South. 878, citing State v. Robinson, 112 La. 939, 36 South. 811.

The verdict and sentence appealed from are annulled and set aside, and the case is remanded to the district court for a new trial.