DAY v. ARMOUR FERTILIZER WORKS

---

(May 28, 1928.   Opinion and Decree.)
(June 4, 1928.   Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Evidence—Par. 166, 168.**

The testimony of a witness that an agent of the defendant had admitted to him that he had injured the plaintiff is properly excluded as hearsay. The agent himself should be produced.

2. **Louisiana Digest—Evidence—Par. 343, 344.**

Although a party may not impugn the credibility of his own witness he may contradict his statement.

3. **Louisiana Digest—Evidence—Par. 79.**

"Res gestae" are the spontaneous and contemporaneous declarations made by the parties at the time of the occurrence or soon thereafter, and as such admissible.

4. **Louisiana Digest—Evidence—Par. 79, 85.**

Dying declarations, as such, find no place in Civil law practice.

5. Louisiana Digest—Evidence—Par. 88;
   Witnesses—Par. —.

Testimony should not be admitted as to
the color of a witness with a purpose
of affecting his credibility.

Appeal from Civil District Court. Hon.
Porter Parker, Judge.

Action by Clara Hynes, Widow Robert
Day against Armour Fertilizer Works.

There was judgment for defendant and
plaintiff appealed.

Judgment reversed and case remanded.

Sidney F. Gautier, of New Orleans, at-
torney for plaintiff, appellant.

Denegre, Leovy and Chaffe, of New
Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. Plaintiff claims under
the Employers' Liability Act.

She averred that in the month of July,
1924, her husband was employed by the
defendant; that on July 12th or 13th, while
on night duty as plant watchman, he acci-
dentally stepped upon a nail left in a plank
about the platform which penetrated his
foot; that he continued at work until July
14th when he consulted his physician who
directed him to stay home; that he there-
after developed tetanus from the wound
inflicted in his foot by the nail upon which
he had stepped; that he was then taken
by his employers, the defendant herein, to
the Illinois Central Hospital where he
died from lock jaw on July 22, 1924; that
her husband had been getting a salary
of $26 per week; that she is entitled to
compensation on a basis of 30 per cent of
that salary during 300 weeks and to $150
for burial expenses.

The defendant admitted that Day had
been in its employ in July, 1924, and that
he died at the hospital of lockjaw on July
22, 1924.

Further answering defendant averred
that on July 18, 1924, Day called on his
physician and complained of trouble with
his throat; that the physician advised him
that he had lockjaw and that he should
go to the hospital. The defendant denied
all the other allegations of the petition.

There was judgment for the defendant.
In his reasons for judgment the judge
stated that there was "no proof whatever.
to show that the nail from which Day de-
rived the infection was picked up by him
on the plant of the defendant company,
and the record further shows that he never
made complaint to his superiors of an acci-
dent, but only when an apparently serious
condition developed he asked to be re-
lieved from duty on account of tonsilitis."

The plaintiff appealed.

It is true, as stated by the learned trial
judge, that "there was no proof to show
that the nail from which Day derived the
infection was picked up by him on the
plant of the defendant company." But the
reason of that is that the trial judge, on
objections, refused to admit the testimony
by which plaintiff attempted to establish
her case. If that evidence was properly
excluded, then the judgment is correct;
if erroneously shut out, then the ruling
must be reversed, and the case remanded.

I. The plaintiff attempted to introduce in
evidence statements made "to a witness by
a representative or agent of the defend-
ant company." To this testimony the de-
fendant objected and was sustained by the
trial judge. The ruling was in accordance
with decisions of the Supreme Court.

In the case of Rousseau vs. T. and P.
Rrd., 4 La. App. 691 (695), the defendant
was sued in damages because a guard by
the name of Prudhomme employed by it
was charged with having killed the plain-
tiff's son.

47  La. App.

The trial judge admitted the testimony of (Sheriff) Vial that Prudhomme had admitted to him that he had shot Ursin (the plaintiff's son). Held: this was error. Toca vs. Rojas, 152 La. 320, 93 So. 108.

II. Owing to the difficulty of proving his case the plaintiff summoned and examined as his witnesses, several of defendant's employees. He attempted to prove by them and by other witnesses that these several employees had made different and contradictory statements on previous occasions.

The defendant objected to this testimony on the ground that the plaintiff could not contradict his own witness. The trial judge maintained the objection. In this he erred. In 1874 in the case of Boedicker vs. East, 26 La. Ann. 209, the Court said:

"We understand the rule to be that although a party introducing a witness is not permitted to impugn his character for veracity, and to show that he is not worthy of belief, he may nevertheless introduce evidence to rebut a statement made by the witness of a particular fact." State of La. vs. Simon, 37 La. Ann. 569; State vs. Boice, 114 La. 856, 38 So. 584; 23 C. J., S. 1793.

"It is well settled rule that one calling a witness is not absolutely bound by his testimony." State vs. Johnson, 47 La. Ann. 1229, 17 So. 789.

"A party has a right to contradict his own witness by independent evidence showing the facts to be different from those testified to by such witness although the incidental effect of the introduction of such evidence is to materially discredit the witness." 40 Cyc., p. 2766 (b); 1 Greene, S. 442, 443.

III. The testimony shows that the gate of the plant where plaintiff's husband was employed was about two blocks from his home; that immediately on quitting his work and returning to his home in the morning about 7 a. m., he made a statement of the time, place and manner of his injury to his wife and to a woman who assisted in giving him first aid. He said to the latter: "I stuck a nail." Objection was at once made and sustained that it was hearsay.

In addition to the above the plaintiff herself was asked by her counsel:

"While you were attending to your husband's foot on the morning of the 14th, did he make any statement to you as to where he had sustained the injury?"

To which objection was immediately made on the ground, among others, that it was "purely hearsay." The objection was sustained and the testimony excluded.

We are of the opinion that the question and answer form part of the "res gestae" and were admissible, and that the ruling was erroneous. "Res gestae" are the spontaneous and contemporaneous declarations made by the parties or by a witness at the time of the occurrence or soon thereafter. What is res gestae is not defined by any arbitrary rule, but depends upon circumstances, and rests very much upon the discretion of the Court. Wharton, Cr'm. Ev., Sec. 262.

In this case considering that plaintiff's husband was employed at night, that the plant was only two blocks from his home, that he left his work at about seven o'clock in the morning, and walked directly to his home; that there he immediately removed his shoe and had his foot treated by his wife and a neighbor, and that he made to them a declaration concerning the manner of the injury to his foot, we are of the opinion that the declaration made to them by the plaintiff's husband at that time and under those conditions constitutes the very "res gestae" described by the law, and that his declarations at that time and place should have been admitted to be weighed as other testimony in that case.

22 C. J. 449, Sec. 543-545-549; 1 H. D. 502; No. 9293 Ct. App.

"A declaration to be a part of the res gestae need not be coincident in time with the main fact proved, if the two are so closely connected with the declaration and can, in the ordinary course of affairs, be said to be a spontaneous explanation of the real cause." State vs. Maxey, 107 La. 799, 32 So. 206 (801); 131 La. 988.

"Res gestae consist of circumstances or declarations made admissible as original evidence by reason of their connection with the particular fact under investigation; and the test is whether the fact or circumstances put in evidence is so connected with the main facts under consideration as to elicit its character, to further its object, or to form, in connection with it, one continuous transaction." State vs. Donelson, 45 La. Ann. 745 (753), 12 So. 922; 1 Greenleaf, Sec. 108.

Of course, we have no reference to "dying declarations" which find no place in Civil law. Bionto vs. I. C. R. Co., 125 La. 149, 51 So. 98.

The defendant propounded questions to its witness to establish that the plaintiff and her deceased husband and all her witnesses, were colored, while the defendant's witnesses were all white. The tendency of such testimony was to affect the credibility of plaintiff's witnesses and to improve that of the defendant's witnesses in this Court on the color line.

Such testimony should not have been admitted. It was not a method recognized by law of affecting the credibility of witnesses or of assisting the administration of impartial justice. See State vs. Washington, 136 La. 859, 67 So. 930.

For the above reasons the judgment herein is reversed and set aside; and it is now ordered that this case be remanded to be tried according to law and to the views herein expressed; the costs of appeal to be paid by defendant and appellee and the costs of the trial court to await the final determination of this suit.