(136 So. 485)

**STATE v. HILL.**

No. 31240.

June 22, 1931.

Rehearing Denied July 17, 1931.

Truett L. Scarborough, of Ruston, for appellant.

Percy Saint, Atty. Gen., and W. E. McBride, Dist. Atty., of Ruston (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ST. PAUL, J.

The defendant was convicted of breaking and entering in the nighttime with intent to steal. There was no direct evidence of his own participation in the breaking and entering, but the stolen property (a pistol) was found in his possession shortly afterwards.

His defense was that the pistol was given him by one Isabelle Hill, who had sent him to Cornelia Hill to find out where the pistol was.

Isabelle and Cornelia were called as witnesses by the defense. Isabelle denied that she ever saw the pistol before it was found in defendant's possession. Cornelia denied that the defendant had ever spoken to her.

The defendant then sought to prove by another witness that Isabelle did have the pistol in her possession before it was found in his possession; and by still another witness that he had been speaking with Cornelia. The trial judge excluded the evidence on the ground that defendant could not impeach his own witnesses.

■■ This was error; the object of the testimony was not to impeach his own witnesses, but to prove substantive facts to support his defense; that the testimony of the new witnesses might tend to impeach his own witnesses was only incidental. But a party is not to be placed at the mercy of the first witness he happens to put on the stand, and may prove his case, if he can, by any witnesses he may have, even if the testimony of the later witnesses contradicts and hence tends to

impeach some earlier witness placed on the stand by him. 40 Cyc. 2766; State v. Simon, 37 La. Ann. 569; State v. Boice, 114 La. 856, 38 So. 584. The Code of Criminal Procedure, arts. 487, 488, intended no change in this.

### Decree.

The verdict and sentence are therefore set aside, and the case remanded for a new trial.