269 So.2d 829

**STATE of Louisiana**

**v.**

**Mrs. Lonnie B. MILLER.**

**No. 52813.**

Nov. 28, 1972.

Daryl Gold, Shreveport, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Mrs. Lonnie B. Miller, entered a plea of guilty to the crime of issuing worthless checks (La.R.S. 14:71)

and received a sentence of one year in the parish prison. She appeals her conviction and sentence relying on one bill of exception reserved and perfected during the proceedings.

The bill of exception was reserved to the trial court's denial of defendant's motion to quash the bill of information. The motion to quash alleged that the information should not stand because the statute under which the charges were brought (La.R.S. 14:71) is unconstitutional in that it inflicts cruel and unusual punishment. The contention of the defendant is that the felony status of the crime of issuing worthless checks constitutes cruel and unusual punishment.

The Eighth Amendment of the United States Constitution and Art. I, Sec. 12, La.Const. of 1921, prohibit the infliction of cruel and unusual punishment. "Cruel and unusual punishments are those that are barbarous, extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men." State v. Crook, 253 La. 961, 221 So.2d 473 (1969).

We find nothing in the penalty provision of La.R.S. 14:71, which is barbarous, extraordinary, or grossly disproportionate to the crime of issuing worthless checks. The penalty provisions of La. 14:71 are neither cruel nor unusual and are not within the constitutional prohibitions, supra. It is a matter for the legislature to decide

what crimes will have felony status. The bill of exceptions is, therefore, without merit.

For the reasons assigned, the conviction and sentence are affirmed.