285 So.2d 210 (1973)
STATE of Louisiana
v.
Wayne John NORMAND.
No. 53671.
Supreme Court of Louisiana.
October 29, 1973.
*211 J. Michael Small, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., W. C. Falkenheiner, Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was convicted under R.S. 56:123H(2) which prohibits the hunting of deer at night and the hunting of deer during closed season. Prior to trial, defendant filed a motion to quash the bill of information on the ground that the offense with which he was charged was not punishable under a valid statute. From the denial of that motion defendant took a bill of exceptions, which forms the sole basis for this appeal.
Defendant contends that the statute in question (R.S. 56:123) is unconstitutional because it constitutes legislative infringement on the power of a judge to suspend the execution of the sentence, since the statute provides that the penalties shall be mandatory, and that no sentences shall be suspended.
This argument is basically one of separation of powers and is clearly unfounded. A similar argument was made in the case of Smith v. United States, 284 F.2d 789 (5th Cir. 1960). There, on appeal from the imposition of a mandatory twenty-five year sentence, defendant contended that "the mandatory 25-year sentence amounts to a legislative determination which invades the independent exercise of judicial discretion implicit in our tripartite system," and that the statute so providing was for that reason unconstitutional. The court rejected this argument:
". . . it is entirely proper that Congress determine what constitutes the crime and its degrees and what punishment shall be meted out by a court after the judicial ascertainment of guilt. In the wisdom of Congress this may at times be a minimum-maximum fine or imprisonment, or both. In others, as here, it may be mandatorily fixed and specific." 284 F.2d 789, 791. (Emphasis added).
Defendant further contends that the mandatory penalty provisions of R.S. 56:123H are in direct conflict with C.Cr.P. 894. This is not true; to the contrary, the two statutes are in harmony. C.Cr.P. 894 was amended twice in 1972; Acts 1972, No. 514 and Acts 1972, No. 651, the later amendment providing in pertinent part:
"A. When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and release the defendant during his good behavior, where suspension is not prohibited under the law." (Emphasis added).
Thus, since suspension is prohibited by law, R.S. 56:123H, C.Cr.P. 894 is not applicable.
Defendant finally contends that the penalty provision of R.S. 56:123H prohibiting *212 suspension of sentence amounts to cruel and unusual punishment.
In State v. Miller 263 La. 960, 269 So.2d 829 (1972), we stated:
"The Eighth Amendment of the United States Constitution and Art. I, Sec. 12, La.Const. of 1921, prohibit the infliction of cruel and unusual punishment. `Cruel and unusual punishments are those that are barbarous, extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men.' State v. Crook, 253 La. 961, 221 So.2d 473 (1969)."
We find that the prohibition against suspension of a thirty day sentence does not constitute cruel and unusual punishment under these criteria. Cf. State v. Billiot, 254 La. 988, 229 So.2d 72 (1969).
For the reasons assigned, the conviction and sentence are affirmed.