367 So.2d 324 (1979)
STATE of Louisiana
v.
Debbie J. ARNOLD.
STATE of Louisiana
v.
Albert L. ARNOLD.
Nos. 62758, 62759.
Supreme Court of Louisiana.
January 29, 1979.
*325 J. P. Mauffray, Jr., Jena, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., for plaintiff-appellee.
CULPEPPER, Justice Ad Hoc.[*]
The defendants, Albert L. Arnold and Debbie J. Arnold, were charged with the crime of attempted cattle theft under LSA-R.S. 14:67.1. In a consolidated trial, the defendants were found guilty as charged by a 12-man jury.
From this conviction the defendants have appealed, assigning 8 specifications of error, seven of which this court deems worthy of consideration. Assignment No. 6 is merely a generalized statement of the same issues raised in Assignments No. 1, 2, 3 and 4, and is not argued separate by defendants, so we will not discuss it.
ASSIGNMENTS OF ERROR NOS. 1 and 2
In these assignments, the defendants object to the admission into evidence of the written statement given to the police by *326 Mrs. Elizabeth Cruse, and to her reading of that statement into the record, on the basis that it is hearsay.
On direct examination by the State, Mrs. Elizabeth Cruse testified she saw Debbie Arnold, one of the defendants, sitting on the passenger side of a brown car parked on the side of the road near a wooded area. The trunk of the car was open and a male unidentified at the trial was standing at the rear of the car near the wooded area. Mrs. Elizabeth Cruse testified that when she stopped her car to see what was happening, Debbie Arnold saw her, slid over to the driver's seat, and drove off in a hurried manner, leaving the trunk open. The unidentified man ran into the woods. Mrs. Elizabeth Cruse followed the Arnold vehicle because it had no license plate. When she lost sight of the vehicle, she returned to a road nearby the car's previous position in order to observe the vehicle when Debbie Arnold returned to pick up the man in the woods. Mrs. Elizabeth Cruse further stated that when her car began to overheat she left her position and notified Mr. and Mrs. Ermon Cruse and Mr. Carl Girod, neighbors, of what she had seen. She later returned to the scene of the alleged crime. She observed several spots of blood near the spot where the Arnold vehicle had been parked. Additionally, she stated that on her return to the scene she saw a calf whose throat had been apparently slashed coming down the road from the direction of the wooded area and heading towards Mr. Girod's house.
Upon cross-examination, Mrs. Elizabeth Cruse was asked to repeat her story several times. Also she was asked if she had given a statement to the investigating police officer. She replied that she had given such a statement. She was asked then about the contents of the statement concerning the description of the Arnold car, the times she observed it, and the presence of children in the car. Apparently, this was done in an attempt to show inconsistencies in her prior written statement to the police and her testimony in court.
Upon redirect, the witness identified her written statement and was asked to read it into the record. The defendant's objection was overruled. The statement was no more than a brief recount of her prior testimony, differing in no significant aspect from her testimony under direct or cross-examination. When the written statement was offered into evidence, the defendants objected on the grounds that it was hearsay and unnecessary.
LSA-R.S. 15:434 provides: "Hearsay evidence is inadmissible except as otherwise provided in this Code." However, no definition is given in the statutes. As defined by the jurisprudence, hearsay evidence is evidence of an unsworn, out-of-court statement made by a person other than the testifying witness which is introduced for the truth of its content. State v. Sheppard, 350 So.2d 615, at page 643 (La. 1977); and State v. Jacobs, 281 So.2d 713 at page 715 (La.1973).
By definition, then, Mrs. Elizabeth Cruse's statement was not hearsay evidence. Although it was an unsworn, out-of-court statement, it was originally made by the witness herself. It is not a retelling of what someone else stated, but a statement by the witness of what she herself had said. Indeed, she is the only witness whose testimony as to her statement ordinarily would not be hearsay. The traditional exclusion of hearsay in jury trials is based upon consideration of unreliability and of potential unfairness to an accused to permit into evidence damaging out-of-court statements which cannot be tested as to their basis in fact, or by cross-examination of the out-of-court declarant. State v. Ford, 336 So.2d 817 at page 821 (La.1976); and Pugh, Louisiana Evidence Law, pages 388-432 (1972). These considerations for exclusion are absent in the case at bar where the witness who is testifying to the out-of-court statement is the declarant. Permitting Mrs. Elizabeth Cruse to read her statement into evidence was not objectionable as hearsay.
*327 The admission into evidence of Mrs. Elizabeth Cruse's written statement likewise was not error. Mrs. Cruse identified the statement as hers, laying a proper foundation for its admission into evidence. The defendants contend that the written statement should be excluded because it is a repetition of testimony to the jury. They rely on LSA-Code of Crim.Proc. Article 793:
"Use of evidence in jury room; reading of recorded testimony
"A juror must rely upon his memory in reading a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict."
This article is a limitation on the evidence which a jury can take into the jury room. Also, it prohibits the repetition of testimony to the jury after both sides have rested and the jury has retired. There is no evidence in the record to indicate that the jury in the case at bar took Mrs. Elizabeth Cruse's statement into the jury room. The record only reveals that it was admitted into evidence just like any other documentary evidence and the jury was free to examine it while in the courtroom. LSA-Code of Crim.Proc. Article 793 is therefore inapplicable.
We find no merit in Assignments of Error Nos. 1 and 2.
ASSIGNMENT OF ERROR NO. 3
The defendants contend that the trial court erred in allowing into evidence the hearsay testimony of Mrs. Ermon Cruse as to statements made to her by Mrs. Elizabeth Cruse. Mrs. Ermon Cruse stated:
"She said there was somebody stopped up there with the turtle hull of the car up, and said they acted like they were trying to load something. She also said that a man ran into the woods and a girl crawled under the steering wheel of the car and took off." (Tr. p. 52)
Over defendants' objection, the trial judge allowed the statement into evidence. We think correctly so. Evidence is nonhearsay which is offered non-assertively, i. e., to prove that the utterance occurred, and not to prove the truth of the facts recited. State v. Sheppard, supra, at page 643. Mrs. Ermon Cruse's testimony as to what Mrs. Elizabeth Cruse had told her was elicited in order to show that Mrs. Ermon Cruse possessed certain knowledge and that is why she went to the scene of the alleged crime.
Secondly, the testimony of Mrs. Ermon Cruse as to what Mrs. Elizabeth Cruse told her was merely a corroboration of Mrs. Elizabeth Cruse's testimony. It offers no facts into evidence which were not before the trier of fact already. Even where a statement is deemed to be hearsay, this Court has held that its admission to corroborate or to cumulate a witness who has already testified is not reversible error. State v. Ford, supra.
Assignment of Error No. 3 is without merit.
ASSIGNMENT OF ERROR NO. 4
The defendants contend that the trial court erred in allowing into evidence the hearsay testimony of Mr. Ermon Cruse as to statements made by Mrs. Elizabeth Cruse to him. In response to a question by the State as to whether on the day of the alleged crime he had an occasion to go down to the scene, Mr. Ermon Cruse stated:
"No, I didn't have no business there until Mrs. Cruse come back by and told me that somebody was trying to get a calf up there." (Tr. p. 6)
No objection was made by defense counsel at the trial to the admission into evidence of this statement by Mr. Cruse. Under the contemporaneous objection rule, an error as to the admission of hearsay evidence cannot be availed of after a verdict unless it was objected to at the trial. LSA-Code of Crim.Proc. Article 841. This court *328 is therefore without power to act upon the objection raised by defendants in this assignment of error.
Assignment of Error No. 4 is without merit.
ASSIGNMENT OF ERROR NO. 5
The defendant contends that the conviction of the defendant on circumstantial evidence alone was error because the evidence presented at the trial did not remove every reasonable hypothesis of innocence.
As outlined above, Mrs. Elizabeth Cruse testified that she saw Debbie Arnold in the Arnold car acting suspiciously with the car trunk open at the spot where she later saw blood. Additionally, after chasing the car she went to tell her neighbors of the occurrence. On her way to Mr. Girod's house, she saw a calf with its throat apparently slit coming from the direction of the woods where she had seen the unidentified man and Debbie Arnold and going towards Mr. Girod's house. The calf was later identified as belonging to Girod.
Mr. Ermon Cruse, without objection by defense counsel, testified that Mrs. Elizabeth Cruse had told him she saw some people attempting to load a cow into the trunk of the Arnold vehicle. Mrs. Ermon Cruse testified that a few minutes prior to Mrs. Elizabeth Cruse driving to her home, she saw both defendants and another man drive by her house and shoot at her trash barrel.
LSA-R.S. 15:438 provides:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Under this rule of law and these facts, Assignment of Error No. 4 is without merit.
ASSIGNMENT OF ERROR NO. 7
The defendants contend that the penalty provision of LSA-R.S. 14:67.1 is unconstitutional because it violates the prohibitions against cruel and unusual punishment in Article I, Section 20 of the Louisiana Constitution of 1974 and the Eighth Amendment to the United States Constitution. LSA-R.S. 14:67.1 provides for punishment of not less than one year without benefit of parole, probation, or suspension of sentence, and not more than ten years. Because the crimes charged were attempts, they carried a possible penalty of one-half the penalty prescribed in 14:67.1 [LSA-R.S. 14:27(3)].
The court sentenced Debbie Arnold to imprisonment for six months at the West Monroe Correctional Facility. Albert Arnold was given a suspended sentence of imprisonment at hard labor four years. He was placed on "active supervised probation" for the entire four years, with the condition that he serve one year in the parish jail's work farm.
In State v. Stetson, 317 So.2d 172 (La. 1975), this Court looked to the United States Supreme Court case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 22 L.Ed.2d 346 (1972), to formulate four generalized criteria for assessing the constitutional validity of penalty provisions:
"The primary principle is that a punishment must not be so severe as to be degrading to the dignity of human beings. In addition, the State must not arbitrarily inflict a severe punishment; the punishment must not be unacceptable to contemporary society; and the punishment must not be excessive."
In State v. Miller, 263 La. 960, 269 So.2d 829 (La.1972) this Court dealt with the issue of whether making the issuance of worthless checks (LSA-R.S. 14:71) a felony constituted cruel and unusual punishment. The Court held that the penalty under the worthless check statute was not cruel and unusual and that it failed to meet the following criteria:
"Cruel and unusual punishments are those that are barbarous, extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men. State v. Crook, 253 La. 961, 221 So.2d 473 (1969)."
*329 Likewise, this Court finds nothing in the penalty provision of LSA-R.S. 14:67.1 which is barbarous, excessive, or grossly disproportionate to the crime of cattle theft. The penalty provision of the statute is not cruel and unusual punishment and does not violate the constitutional prohibitions.
Assignment of Error No. 5 is therefore without merit.
ASSIGNMENT OF ERROR NO. 8
The defendants argue that the classification of theft of livestock in LSA-R.S. 14:67.1, as opposed to theft of other animals and other equally valued objects under the general theft statute (LSA-R.S. 14:67), is a violation of due process and equal protection under the Fourteenth Amendment to the United States Constitution.
Section 1 of the Fourteenth Amendment to the United States Constitution provides:
"Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
In the case of State v. Barton, 315 So.2d 289 (La.1975), this Court enunciated a standard of review of statutory classifications as mandated by the equal protection clause:
"The equal protection clause requires that there be some justification in fact for the statutory classification drawn by the legislature, such that those similarly situated are similarly classified and treated. In other words, legislative classifications must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced are treated alike."
The classification of cattle and other livestock theft as separate from general theft is reasonable and not arbitrary. The distinction is based on the nature of the object and it reflects the legislature's method of dealing with a particular social evil. The classification bears a substantial relation to the object of the legislation, i. e., to discourage the theft of livestock which, because of their very nature, are left unguarded and not within the immediate control of their owners.
This Court is aware that the inclusion of livestock theft in a special article has been severely criticized by commentators as unnecessary and archaic. Bennett, Work Of The Louisiana Appellate Courts, 1968-1969, Criminal Procedure, 30 La.L.Rev. 309 (1970); Bennett, Work Of The Louisiana Appellate Courts, 1965-1966, Criminal Law, 26 La.L.Rev. 573 (1966); Bennett, Louisiana Legislation of 1962, 23 La.L.Rev. 64 (1962). The wisdom of including such a classification in our criminal statutory scheme is a matter for the legislature to determine. This Court can only pass judgment on whether or not that classification meets constitutional standards.
Assignment of Error No. 8 is without merit.
For the reasons assigned, the convictions and sentences of Debbie J. Arnold and Albert L. Arnold are affirmed.
CALOGERO and DENNIS, JJ., concur and assign reasons.
MARCUS, J., concurs.
DENNIS, Justice, concurring.
I respectfully concur.
I disagree with the majority opinion's statements, in discussing assignments of error numbers one and two, that Mrs. Elizabeth Cruse's statement by definition was not hearsay.
In State v. Martin, 356 So.2d 1370 (La. 1978) this Court in considering the very same question, stated:
"We have on occasion indicated that an out-of-court assertion by a testifying witness is not hearsay, although it does not appear that this notion was actually crucial to any of our decisions. In other cases, this Court has stated the definition of hearsay in language which would include an out-of-court assertion of a testifying witness. After warning that any *330 one-sentence definition is an over-simplification, Professor McCormick proposes the following:
`Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' C. McCormick, Evidence, § 246 (Cleary ed. 1972).
Upon reflection, we conclude that Professor McCormick's formulation is preferable as a brief definition of hearsay. Often an erroneous ruling admitting an unsworn out-of-court assertion by a testifying witness will not present grounds for reversal, but the hearsay character of a proffered out-of-court assertion is not altered by the fact that the statement was made by a person who appears in court as a witness." 356 So.2d 1373-74. [footnotes omitted]
However, the erroneous ruling did not present grounds for reversal because the declarant appeared as a witness at trial. See State v. Martin, supra; G. Pugh, Louisiana Evidence Law, § 433 (1974).
CALOGERO, Justice, concurring.
In light of our recent decision in State v. Martin, 356 So.2d 1370 (La.1978) I disagree with the majority's assertion that Mrs. Cruse's statement was not hearsay. However, I do agree that no reversible error occurred and further that introduction of the witness' written statement on re-direct was proper for the reason that on cross-examination of that witness the defense made an issue over the witness' prior statement to police and the content thereof.
NOTES
[*] Chief Judge William A. Culpepper of the Court of Appeal, Third Circuit, participated in this decision in place of Chief Justice Sanders, retired.