428 So.2d 468 (1983)
STATE of Louisiana
v.
John Anthony GUAJARDO.
No. 82-KA-0463.
Supreme Court of Louisiana.
February 23, 1983.
*469 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Wayne Frey, Abbott J. Reeves, Eugene Bouquet, Asst. Dist. Attys., for plaintiff-appellee.
Terry J. Manuel, Lake Charles, for defendant-appellant.
DENNIS, Justice.
Defendant John Anthony Guajardo was charged by bill of information with simple burglary. Defendant pleaded guilty as charged and was sentenced to eighteen months in the parish prison. Several minutes later, at defense counsel's request, the trial judge vacated the sentence for the purpose of hearing defense counsel speak in mitigation of defendant's punishment. The next day, however, the judge imposed a more severe sentence of six years at hard labor. Defendant appeals, contending that the trial court violated constitutional and *470 statutory sentencing procedures and imposed an unconstitutionally excessive sentence. We find no merit in defendant's arguments and affirm his sentence.
Prior to accepting defendant's guilty plea, the court adduced the following facts concerning the commission of the offense. On Saturday, August 15, 1981, at about 11:30 a.m., defendant unlawfully entered a law office by prying open a back door. Defendant took $14.00 in currency from the office and did some minor damage to the door of the building. Notified of the break-in by a neighbor, the police observed defendant flee the building through a window. The officers pursued him on foot and defendant was apprehended shortly thereafter when he was found hiding underneath a house. On December 7, 1981, defendant pleaded guilty to the charge of simple burglary. The plea was accompanied by a joint recommendation of the state and defense counsel for a two-year sentence, based on their belief that the eighteen year-old defendant had no prior criminal record. The trial judge imposed a sentence of eighteen months in the parish jail. The judge remanded defendant to the custody of the sheriff and recessed the court for fifteen minutes.
During the recess, defense counsel informed the judge of the latter's failure to allow him to speak in mitigation of defendant's punishment prior to sentencing, and asked for the opportunity to do so. Accordingly, the trial judge immediately reconvened court, vacated the sentence and allowed the defense counsel to present his argument. The trial judge was persuaded by the argument to reconsider the sentence and postponed resentencing until the next day.
Before resentencing defendant the following day, the trial judge independently inquired into whether defendant had a juvenile record. He discovered that defendant, under a different name, had twice been adjudicated a delinquent for burglary and theft in the prior four years and had served nine months in the juvenile correctional center for the second offense. After confirming this information in open court, the trial judge sentenced defendant to six years at hard labor.
Defendant argues that the trial judge erred in vacating the initial sentence because the execution of the eighteen month jail sentence had already begun. He bases his argument on La.C.Cr.P. art. 881, which provides:
Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
Our law does not precisely fix the point at which execution of a jail sentence without hard labor commences. However, after consideration of our statutes regarding execution of sentences, we conclude that defendant in the present case had not begun execution of his eighteen month sentence when it was vacated by the trial judge. The language of Article 881 itself indicates that the execution of a sentence does not commence with its imposition, since the article contemplates a period of time after its imposition during which the trial judge may amend the sentence. Furthermore, our law fixes the day after imposition as the point of commencement of a hard labor sentence. La.R.S. 15:566.2. Regarding sentences without hard labor, La.R.S. 15:565 directs the sheriff to proceed to the execution of the sentence as soon as it shall have become final, suggesting that some action by the sheriff toward fulfillment of the sentence is required to commence execution of the sentence. Considering these statutes, we conclude that the trial court in the present case amended or changed the sentence prior to the beginning of the execution of the sentence. The trial court vacated the original sentence on the same day it was imposed so that its execution could not have commenced on the following day. The amendment of the sentence was completed before the sheriff committed any act toward execution of the sentence. It is not necessary for us to decide precisely when the execution commenced in this case because it is clear that it occurred well after the modification of the sentence.
*471 Defendant further argues that the imposition of a second, more severe sentence placed defendant twice in jeopardy for the same offense. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction, and it protects against multiple punishment for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Doughty, 379 So.2d 1088 (La.1980). The principle of double jeopardy protects both the defendant's interest in preserving the finality of a judgment, and his companion interest in avoiding double punishment for a single offense, Westen & Drubel, Toward a General Theory of Double Jeopardy, 1978 Supreme Court Review, 81, 85, 106.
However, neither interest was impaired by the trial judge's actions in the present case. Since we have found that defendant never began execution of his first sentence, the prohibition against double punishment poses no obstacle to the imposition of the second sentence. The protection given to a defendant's interest in the finality of his judgment is designed to prevent
repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
A defendant's interest in finality is most apparent when the state attempts to reprosecute him after it obtains a mistrial. The double jeopardy clause immunizes a defendant from reprosecutions after mistrials that are provoked by the state to harass the accused or strengthen its case. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). However, this interest in finality is not served, and the double jeopardy clause generally does not prevent a reprosecution where the defendant has requested a mistrial. Lee v. United States, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); United States v. Jorn, supra. Similarly, when a new trial is granted to a convicted defendant at his own request, double jeopardy does not preclude reprosecution on the same charge. State v. Smith, 406 So.2d 1314 (La.1981).
In the present case, defendant's initial sentence was vacated by the trial judge at the request of defendant's own counsel, who sought to persuade the judge to reconsider the terms of the sentence. The vacation of the first sentence was not the product of prosecutorial overreaching that usually raises the double jeopardy bar to reprosecution. Defendant's interest in preserving the finality of his first sentence was prejudiced only by his own counsel's act to disturb it. Just as a new trial or mistrial granted at defendant's request will not prevent reprosecution, we believe that the vacation of defendant's sentence prior to its execution does not preclude the imposition of another sentence.
Defendant argues that successive sentencings for the same offense violates double jeopardy under North Carolina v. Pearce, supra. This reliance is totally misplaced. In that case, defendant was convicted and served several years of his sentence before his conviction was reversed. He was then retried, convicted and sentenced to a term which, when added to the time he had already spent in prison, amounted to a longer sentence than that originally imposed. The U.S. Supreme Court held that double jeopardy does not impose a barrier to a more severe sentence upon reconviction. The Court explained:
A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." *472 Williams v. New York, 337 U.S. 241, 245, 93 L.Ed. 1337, 1341, 69 S.Ct. 1079 [1082]. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in Williams v. New York, supra, that a State may adopt the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." Id., at 247, 93 L.Ed. at 1342 [69 S.Ct. at 1083].
395 U.S. at 723, 89 S.Ct. at 2079-80, 23 L.Ed.2d at 668.
However, the Court further held that, in order to assure that the trial court was not motivated by vindictiveness, due process requires that the reason for imposition of a more severe sentence after a new trial must affirmatively appear in the record. At 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670.
The record in this case reveals that defendant was initially sentenced to eighteen months in the parish prison following the innocent misrepresentations of the state and defense counsel of defendant's favorable work history and lack of a criminal record. The trial judge's independent discovery of contrary facts certainly justified his reconsideration of the appropriateness of the initial sentence. Furthermore, the judge satisfied due process by carefully articulating these reasons in imposing a heavier penalty upon resentencing.
Defendant nevertheless protests that the reformation of his sentence from eighteen months to six years at hard labor amounts to cruel, excessive and unusual punishment. Both state and national constitutions prohibit the infliction of cruel and unusual punishments. U.S. Const.Amend. VIII; La. Const. Art. 1 § 20. Our inquiry into whether a penalty is cruel and unusual under these provisions considers whether it is so severe as to be degrading to human dignity, whether it imposes an arbitrary infliction of punishment, and whether it shocks contemporary notions of decency. McCray v. Burrell, 516 F.2d 357 (4 Cir. 1975); Newman v. State of Alabama, 503 F.2d 1320 (5 Cir.1974); State v. Stetson, 317 So.2d 172 (La.1975); State v. Miller, 263 La. 960, 269 So.2d 829 (1972). We believe that the imposition of a heavier penalty on resentencing in this case does not offend any of these criteria. By asking the court to reconsider the exercise of its sentencing discretion, defendant undertook the risk that additional information of aggravating as well as mitigating circumstances would come to light. Resentencing defendant in conformity with all available information is not cruel and unusual punishment.
Our state constitution also offers explicit protection against excessive punishment. La. Const. Art. I § 20. This section permits us to determine both whether the range of sentences authorized by a criminal statute is excessive, See e.g. State v. Napier, 385 So.2d 776 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980); State v. McClinton, 329 So.2d 676 (La.1976); State v. Stewart, 325 So.2d 828 (La.1976), and whether the sentence of the particular offender is excessive, though within the statutorily prescribed range. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 397 So.2d 1287 (La.1981); State v. McDonald, 390 So.2d 1276 (La.1980); State v. Spencer, 374 367 So.2d 762 (La.1979). In the present case, defendant does not attack the penalty structure of the simple burglary statute; rather he protests only that the sentence to six years at hard labor is excessive considering the innocuous circumstances of the crime and his unblemished criminal record as an adult.
In State v. Telsee, supra, we recently articulated some factors that guide our determination of whether a particular sentence is unconstitutionally disproportionate. We first determine whether the trial court adequately tailored the punishment within the statutory framework to the circumstances of the offense and the particular *473 offender, thus reserving the maximum sentences for the most blameworthy of offenders. Id. at 1253. Secondly, we may compare a particular offender's punishment with the sentences imposed for similar crimes by the same court and other courts. This device also assures that maximum sentences are reserved for the most egregious violations and that other offenders of similar conduct will not receive lighter sentences than this defendant. Id. at 1254.
Our consideration of these factors leads us to conclude that a sentence of six years at hard labor does not constitute excessive punishment. In imposing the sentence, the trial judge acknowledged that the unarmed daytime burglary of an office did not threaten serious harm to others. However, the judge properly considered defendant's multiple juvenile convictions in setting the sentence. State v. Tucker, 354 So.2d 521 (La.1978). The judge emphasized the fact that defendant's prior two convictions consisted of burglaries, and the present burglary occurred only nine months after his release from the correctional institute. On the basis of defendant's recidivism, the trial judge properly found that he was not a suitable candidate for probation. Furthermore, the duration of the sentence is not excessive, in light of the fact that the offense of simple burglary carries a maximum sentence of twelve years at hard labor. La.R.S. 14:62. We have previously concluded that a sentence of four years for simple burglary by a youthful defendant with a juvenile record is not unconstitutionally excessive, State v. Artis, 391 So.2d 847 (La.1980), and that the maximum sentence of twelve years is not excessive per se. State v. Bates, 397 So.2d 1331 (La.1980); State v. Napier, supra. The trial judge clearly articulated his justification for the imposition of the present sentence, and we cannot say that a six year sentence is excessive under these circumstances.
Accordingly, we affirm the sentence of six years at hard labor for defendant's conviction of simple burglary.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
La.C.Cr.P. Art. 853 requires that a motion for a new trial must be filed and disposed of before sentence. This article, which was enacted at a time when sentences were not reviewed on appeal, obviously refers to a new trial of the conviction.
Now that appellate courts have jurisdiction to review sentences for excessiveness (as well as for compliance with Art. 894.1), judicial efficiency requires that a defendant be afforded some procedure by which he may move for reconsideration of the sentence (or for compliance with La.C.Cr.P. Art. 894.1) in the trial court without the necessity of an appeal.
In the present case, defendant pleaded guilty and was sentenced on the same day. Although defendant was not entitled to move for a new trial of the issue of guilt, his motion was, in effect, a motion for a new trial on sentence only. This court should recognize defendant's postsentence motion as a jurisprudentially approved procedural device complementing the efficient operation of existing trial and appellate procedures. See La.C.Cr.P. Arts. 3 and 17.
Because defendant moved for a reconsideration of his sentence within a reasonable time and his timely motion was granted, he is precluded on appeal from complaining that the trial judge granted defendant's own motion.