466 So.2d 514 (1985)
STATE of Louisiana,
v.
Grady MITCHELL.
No. CR 84-279.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Rehearing Denied April 16, 1985.
Writ Denied April 19, 1985.
*515 Linda Veazey, Abbeville, for defendant-appellant.
Louis G. Garrot, Asst. Dist. Atty., Abbeville, for plaintiff-appellee.
Before GUIDRY, FORET and STOKER, JJ.
GUIDRY, Judge.
Defendant, Grady Mitchell, was charged by bill of information with the crime of aggravated burglary, a violation of La.R.S. 14:60. Defendant was tried by a twelve member jury and found guilty as charged by unanimous verdict. On November 21, 1983, defendant was sentenced to fifteen (15) years at hard labor. This sentence was later changed to eighteen (18) years at hard labor after the trial judge questioned defendant as to his prior criminal record. On January 25, 1984, the trial judge found defendant's original sentence to be illegal since the pre-sentence investigation report had been overlooked. After considering the report, defendant was resentenced to serve eighteen (18) years at hard labor. Defendant has appealed his conviction on the basis of six assignments of error.

FACTS
During the early morning hours of August 18, 1982, Mr. and Mrs. Robert Darby, their two minor daughters, and Mrs. Darby's daughter from a previous marriage, were asleep in their home on North Lamar Street in Abbeville. At around one o'clock in the morning, Mrs. Darby was awakened and saw a naked person standing in front of her daughter's bed in the next room. At first, Mrs. Darby thought it was one of her daughters. When the person turned to the side, Mrs. Darby observed that it was, in fact, a man. At this point, Mrs. Darby saw that the man was masturbating with one hand and rubbing her five-year-old daughter with his other hand. Mrs. Darby's thirteen-year-old daughter was asleep in the same bed as the five-year-old. Both girls slept through the entire incident. Mrs. Darby recognized the man as the defendant by his profile. The bathroom light had been left on that night and was shining directly into the bedroom. Mrs. Darby then yelled at the intruder, calling him by defendant's name. The man turned around and directly faced Mrs. Darby and then fled to the living room where he jumped out of a window. Mr. Darby woke up when he heard his wife scream. Mrs. Darby turned to her husband and stated, "that's Ole Grady Mitchell in there playing on Kim." Mr. Darby jumped out of bed and started to run after the man. While doing so, he tripped over a floor fan and was unable to catch or even get a glimpse of the intruder.
Adreama Roach, Mrs. Darby's 17 year old daughter, also identified the intruder as the defendant, Grady Mitchell. When Adreama heard her mother scream, she turned on her bedroom light. As she did so, the man ran straight through her bedroom and into the living room, where she saw him jump through an open window. Mrs. Darby thereafter telephoned the police and reported what had transpired.
Appellant perfected the following assignments of error:
1. The trial court erred in that the State failed to prove beyond a reasonable doubt that the defendant entered the residence with the intent to commit a felony or theft;

*516 2. The trial court erred in that the State failed to prove beyond a reasonable doubt that the defendant committed a battery after entering the residence, as required to justify a conviction of aggravated burglary;
3. The trial court erred in that the State failed to prove beyond a reasonable doubt that the defendant was present in the residence on the night of the alleged burglary;
4. The trial court erred in failing to allow defense counsel to call Adreama Roach, a state witness under cross-examination, and to impeach her prior testimony on direct examination;
5. The trial court erred in failing to adequately consider the sentencing guidelines established by the legislature, and erred in resentencing the defendant to a term longer than that originally imposed by the trial court; and,
6. The trial judge presiding at the preliminary examination erred in re-opening testimony after the matter was argued and submitted.
The defendant has failed to either brief or argue assignment of error number 6. It is therefore deemed abandoned. State v. Washington, 430 So.2d 641 (La. 1983); State v. Simpson, 371 So.2d 733 (La.1979).

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
In his first three assignments of error, defendant contends that the State failed to prove beyond a reasonable doubt certain elements of the offense of aggravated burglary.
La.R.S. 14:60 defines aggravated burglary as follows:
"Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place."
Defendant claims that the State failed to prove that defendant was present at the Darby home on the night of the alleged burglary. At trial, the State presented two eye-witnesses, Mrs. Darby and her 17-year old daughter, Adreama. Both testified that in the early morning hours of August 18, 1982, they saw defendant, Grady Mitchell, in their home. Mrs. Darby recognized him first by his profile and again when he turned and directly faced her before he fled from the house. She testified that she was able to clearly see the defendant due to the fact that the bathroom light was shining directly into her young daughter's bedroom. Adreama testified that she recognized defendant when he ran through her room on his way to the living room. She testified that they almost collided with each other as she was getting out of her bed to investigate her mother's scream. Both Mrs. Darby and Adreama testified that they had known the defendant for about three to four years. He had eaten at their house on several occasions and had mowed their lawn just three days prior to the incident in question.
Defendant had three alibi witnesses testify on his behalf at trial. His grandmother, aunt and girlfriend all testified that defendant was at the grandmother's home all night on August 18, 1982. We have no reason to question the testimony of these three witnesses. But their testimony is totally irrelevant to the case at hand since the crime did not occur on the night of August 18, 1982, but rather during the early morning hours of August 18, 1982. There was absolutely no evidence presented at trial as to defendant's whereabouts at the time the crime was committed.
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable *517 doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). We find that viewed in a light most favorable to the prosecution, the evidence clearly established that the defendant entered the Darby residence without authorization while the family was asleep during the early morning hours of August 18, 1982.
Defendant's next contention is that the State failed to prove beyond a reasonable doubt that defendant entered the Darby residence with the intent to commit a felony or theft within. The State asserts that defendant not only attempted, but actually committed a relative felony inside the Darby home, that being indecent behavior with a juvenile. La.R.S. 14:81 provides:
"Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense."
At the time of the offense, defendant was 23 years old. His actions in the presence of Mrs. Darby's five and thirteen year old daughters certainly qualify as "lewd or lascivious". The requirement that the offender have the "intention of arousing or gratifying the sexual desires of either person" was obviously met due to the fact that defendant was masturbating. In light of these facts, we find that the State more than adequately proved that defendant entered the Darby's home with the intention of committing a felony therein, i.e., indecent behavior with a juvenile.
Finally, defendant asserts that the State failed to prove that defendant committed a battery after entering the Darby home. Defendant contends that the mere rubbing of the sleeping Darby child does not constitute a battery under the provisions of R.S. 14:60.
A battery is defined, for criminal purposes, as the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another. La.R.S. 14:33. In the instant case, Mrs. Darby saw defendant rubbing her five-year-old daughter with one hand while he masturbated with his other. We find this touching sufficient to constitute a battery. A battery resulted with the physical contact of defendant upon the young girl. The physical contact need not be injurious; it may simply be offensive. State v. Dauzat, 392 So.2d 393 (La.1980). In the present case, there is no evidence that the young Darby girl was injured in any way by defendant. Be that as it may, his unauthorized contact with her was certainly offensive.
We therefore hold that the State did present evidence beyond a reasonable doubt that defendant made an unauthorized entry into an inhabited dwelling with the intent to commit a felony, and once inside, committed a battery upon an inhabitant thereof.
Defendant's first three assignments of error are therefore without merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment defendant claims that the trial court erred in failing to allow defense counsel to call Adreama Roach, a state witness, under cross-examination for purposes of impeachment.
During the State's case in chief, defense counsel cross-examined Adreama Roach extensively. Adreama was then re-questioned by the State and thereafter subjected to a thorough second cross-examination by defense counsel. At no time following the cross-examination did defense counsel indicate to the court that further cross-examination would be necessary.
The right to recall a witness for further cross-examination is within the sound discretion of the trial judge whose ruling thereon will not be disturbed on *518 appeal absent a showing of an abuse of that discretion. State v. Simmons, 340 So.2d 1357 (La.1976); State v. Banks, 362 So.2d 540 (La.1978). The Supreme Court in State v. Latin, 412 So.2d 1357 (La.1982), held, "The defendant has no absolute right to recall a witness to the stand for further cross-examination. Such is a matter within the sound discretion of the trial judge."
We find no abuse of discretion in the trial court's refusal to allow defense counsel to recall Adreama Roach for further cross-examination. Defense counsel had already conducted an exhaustive cross-examination of Ms. Roach and nothing in the record indicates that further cross-examination would have revealed any new material theretofore uncovered.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 5
This final assignment of error concerns the sentencing of defendant. Defendant contends that the trial court erred in resentencing the defendant to a term of 18 years at hard labor after it had originally imposed a sentence of 15 years at hard labor.
On November 21, 1983, a hearing was held for the purpose of sentencing defendant. The trial judge first sentenced the defendant to 15 years at hard labor. After eliciting from defendant the fact that he had a prior felony conviction, the trial judge changed the sentence to 18 years at hard labor. On the following day, the trial court informed the Clerk of Court's office that the sentence imposed would be recalled due to the fact that the pre-sentence investigation, which had previously been ordered, was overlooked by the Court. A new sentencing hearing was held on January 25, 1985. After reviewing the pre-sentence report, the trial judge again imposed upon the defendant a sentence of 18 years at hard labor.
La.C.Cr.P. Art. 881 provides:
"Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence."
The Louisiana Supreme Court in State v. Guajardo, 428 So.2d 468 (La.1983), stated that "... our law fixes the day after imposition as the point of commencement of a hard labor sentence. La.R.S. 15:566.2." In Guajardo, the trial court vacated its original sentence the day it was imposed so as to allow defense counsel an opportunity to present mitigating factors on behalf of defendant. During the interval, the trial judge independently discovered the defendant's prior juvenile record. Noting that under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), due process requires that the reason for imposition of a more severe sentence must affirmatively appear in the record, the Supreme Court found that the trial judge's independent discovery of contrary facts certainly justified his reconsideration of the appropriateness of the initial sentence; and that the trial judge satisfied due process by carefully articulating these reasons in imposing a heavier penalty upon resentencing.
The present case is factually similar to Guajardo. The trial judge amended the initial sentence after discovering that defendant had a prior felony conviction. For this reason, the sentence was increased from 15 years to 18 years at hard labor. The sentence was amended prior to the beginning of the execution of the first sentence. For the reasons set forth in Guajardo, the imposition of the 18 year sentence was appropriate under the circumstances of this case.
On January 25, 1984, the trial judge set aside the original sentence based on the ground that the sentence was illegal because the pre-sentence investigation report had not been received. After reviewing the report, the trial judge resentenced the defendant to a sentence of 18 years at hard labor. Since we find the 18-year sentence imposed at the initial sentencing hearing to be legal, we find no error in the trial judge's reimposing the same sentence at a later date.
*519 Defendant finally asserts that the trial judge erred in failing to adequately consider the sentencing guidelines established by the legislature.
Under La.C.Cr.P. Art. 894.1, the trial judge must state the considerations taken into account and the factual basis therefor in imposing sentence. While the judge need not articulate every aggravating and mitigating circumstance, the record must adequately reflect that he considered these guidelines in particularizing the sentence to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Smith, 433 So.2d 688 (La.1983). The sentencing court's failure to adequately comply with the guidelines of Art. 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983).
At the first sentencing hearing, the trial judge explained his reasons for imposing the 15-year sentence as follows:
"... Because of your youth and no one was injured, I did not give you the maximum. The Court feels to give a lesser sentence would deprecate the seriousness of the crime. Such an activity invites injury to someone, usually the innocent victim."
Upon discovering that defendant had a prior felony conviction, the sentence was increased with the brief explanation, "The Court feels you need institutionalization." The trial judge elaborated on his reasons for imposing the 18-year sentence at the January 25, 1984 hearing, wherein he stated:
"... The Court had at first given him fifteen years, and then in questioning him, the Court found out he had a prior felony conviction and then had increased it to eighteen (18) years. At this time the Court will sentence you to serve eighteen (18) years at hard labor in custody of the Department of Corrections. The Court imposes this sentence on the basis that the Court is of the opinion Mr. Mitchell needs institutionalization. He has a record of violence; he has a prior felony conviction. He was found guilty of aggravated burglary involving indecent behavior with a juvenile. The Court feels that a lesser sentence in view of his record and the circumstances that it would be a deprevation (sic) of the seriousness of the crime to give a lesser sentence. The Court has explained already why it at first increased it from fifteen to eighteen years when it learned that he had a prior conviction of a felony."
Although the trial judge did not strictly comply with the sentencing guidelines of Article 894.1, we find that there is sufficient support in the record for the sentencing choice. The defendant had a prior felony conviction which revealed his propensity for violence. The situation involved in the instant case was one where there was a strong potential for violence and harm to a five-year-old girl. One can only speculate as to what might have happened to the young girl had her mother not awakened and frightened the defendant out of the home. Considering these factors and the fact that the maximum sentence for aggravated burglary is thirty years, we find that the sentencing choice was fully supported by the record.
This assignment of error lacks merit.

DECREE
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.