h GAUDIN, Judge.
Michael Rogers was convicted in the 24th Judicial District Court of one count of second degree battery and four counts of battery of a police officer. The charges arose out of the same incident and were consolidated for trial.
On the second degree battery conviction, Rogers was sentenced to two years at hard labor, suspended, and placed on active probation for two years. On one count of the battery of a police officer charges, Rogers was sentenced to 15 days in parish prison with credit for time served. The trial judge did not impose sentences for the other three misdemeanor convictions.
On appeal, Rogers contends that:
(1) the trial judge erred in allowing photographs of victim’s head,
*770 (2) the trial judge erred in allowing inadmissible hearsay testimony,
(3) the trial judge erred in allowing a juror to ask questions of a state witness and allowing the assistant district attorney to speak directly to a juror during trial,
(4) the trial judge erred in limiting the defendant’s right to question potential jurors during voir dire, and
(5) the evidence was insufficient to support the convictions.
IsAlso assigned as error are any errors patent.
These assignments of error are without substance and there are no errors patent. Rogers’ convictions and sentences are affirmed.
On November 3, 1993, at 9:30 p.m., Jefferson Parish deputies Shawn Guidry and Dudley Dufrene were on street patrol in a marked police automobile. They were in an area of Marrero, Louisiana known for narcotics activity.
The officers spotted Rogers, a white male, in the middle of a street apparently conducting a hand-to-hand narcotics transaction with a black male. When the officers approached, the black male fled and Rogers got into his parked van. Officer Guidry ordered defendant to get out of the van and go to the front of the police unit. Rogers complied, then raised his right hand to his mouth. Believing Rogers was going to swallow drugs, Officer Guidry grabbed Rogers’ hand. Rogers then struck Officer Guidry in the chest with his open hand. Officer Guidry attempted to wrestle Rogers to the ground as Rogers continued to hit him.
Officer Guidry testified that Rogers was extraordinarily strong and violent, and that he fell on top of him (Rogers) in an attempt to subdue him. Rogers managed to shove Officer Guidry away and run back to the van.
Rogers drove away in the van and the officers pursued him in the police unit. A high speed chase ensued. Eventually, Rogers stopped his van in a residential driveway and ran into the back yard and onto the rear porch. He armed himself with an iron rod or stick.
When officers told Rogers to put the rod or stick down, he waved the rod or stick in a threatening manner and shouted threats and profanities, challenging the officers to come onto the porch and get him. Officer Guidry, in a commendable display of restraint, returned his pistol to its holster.
hOther officers arrived at the scene. It took five officers to finally subdue Rogers but not before Officer Dufrene was hit on the head by Rogers’ rod or stick. Officer Du-frene suffered a severe laceration that required 14 sutures. Officer Guidry sustained a painful kidney injury from a blow he received during the initial confrontation.
ASSIGNMENT NO. 1
Here, Rogers argues that he was prejudiced by the admission of a surprise photograph showing Officer Dufrene’s head wound. The state had not advised the defendant of this photograph because the picture had been taken by the officer’s wife for personal use. The prosecuting attorney was not given the photo until the first day of trial.
After hearing arguments on this issue, the trial judge said:
“All right. I find that the evidence shows that the D.A. did not have possession of these nor knowledge of the photographs and in addition this is not such evidence that would be prejudicial to the defense such that they would need some type of continuance or it would hurt their case. It’s in corroboration type evidence, and I don’t believe there’s any prejudice to the defense, that the District Attorney’s Office has turned over the photographs as soon as they had them available to them, and, consequently, I will allow them in.”
In Rogers’ case, the ruling was proper. There was no showing of bad faith by the prosecution. This evidence was relevant to show the violence of the struggle and identified Officer Dufrene as the battery victim. Rogers was not unfairly prejudiced.
ASSIGNMENT NO. 2
When officer Dufrene was on the witness stand, he stated that at one point in the chase Officer Guidry had told him that Rogers had struck him (Dufrene) in the chest.
*771 ULouisiana courts have held that admission of impermissible hearsay is harmless error where the hearsay merely corroborates or is cumulative of the other evidence at trial. See State v. Arnold, 367 So.2d 324 (La.1979); State v. Ford, 336 So.2d 817 (La.1976); and State v. Johnson, 519 So.2d 212 (La.App. 5 Cir.1988), vrrits denied at 523 So.2d 1334 (La.1988). Such was clearly the case concerning Officer Dufrene’s testimony.
ASSIGNMENT NO. 3
In this assignment, Rogers complains because the court improperly allowed a juror to question state’s witness Officer Dufrene, and that the prosecutor improperly addressed a juror directly. Rogers claims that these errors prejudiced his case and deprived him of the right to a fair trial guaranteed by the Sixth Amendment of the United States Constitution.
In the course of Officer Duixene’s trial testimony, the state offered photographs of the deputy’s head injuries as evidence. The following exchange ensued:
MR. MOTTER [prosecutor]:
Your Honor, after these pictures are done being published to the jury, I’d like the scar to be seen by the jury.
JUROR:
I didn’t hear what he said. Does it matter?
MR. MOTTER:
I asked that I’d like the scar to be seen by the jury.
JUROR:
Okay.
IsThe record does not show that the defense lodged an objection to this exchange. It is well settled than an irregularity or error cannot be raised after the verdict unless it was objected to at the time it occurred. See LSA-C.Cr.P. art. 841; also, State v. Kahey, 436 So.2d 475 (La.1983); and State v. Miles, 402 So.2d 644 (La.1981).
The other exchange of which Rogers complains began when the prosecutor questioned Officer Dufrene as follows:
Q. Could you please at this time show the jury the scar on the back of your head, please?
A. Sure.
(WITNESS COMPLIES)
JUROR:
How many stitches?
WITNESS:
There were fourteen staples.
MR. RHEILMANN [defense counsel]:
Judge, I don’t know if the witness is talking, but I would certainly—
THE COURT:
Yes. Wait.
MS. DAPONTE [defense counsel]:
Judge—
MR. RHEILMANN:
He’s giving testimony over there.
THE COURT:
Come on over here and let the court reporter be able to hear ^everything that is said.
MS. DAPONTE:
Well, judge, I object to his saying anything to the jury.
THE COURT:
Well, the jury was asking questions. I just wanted to put it on the record.
MS. DAPONTE:
And I object.
Although improper, it does not appear that Rogers was prejudiced by these exchanges. The extent of Officer Dufrene’s head injury had already been established by other evidence; also, the juror did not comment on either the evidence or the facts of the case. See State v. Tatum, 506 So.2d 584 (La.App. 4 Cir.1987), wherein the court, at page 589 citing State v. Ireland, 377 So.2d 299 (La.1979), said:
“Communication between a juror and a witness in a criminal trial absent a showing that the defendant was prejudiced, is not a basis to reverse a conviction.”
ASSIGNMENT NO. 4
During voir dire, Rogers’ attorney attempted to ask a potential juror how he *772 would react to a particular set of circumstances, as follows:
“You’re driving down the street in your car with your wife and stopped by a police officer who says you’re in a stolen car. I’m taking you to jail, you’re under arrest. You know that you’re not in a stolen car ... He (the officer) said shut up, I’m taking you to jail, get out.”
The state objected and the objection was correctly sustained by the trial judge. Voir dire cannot be used to pry into a prospective juror’s |7opinions concerning evidence to be offered at trial. See State v. Pedroso, 557 So.2d 455 (La.App. 5 Cir.1990), and many other cases with similar holdings.
Our careful review of this record shows that defense counsel was given a wide latitude in examination of prospective jurors. Even considering the court’s exclusion of hypothetical questions, defense counsel was allowed to question prospective jurors extensively on the issues of police brutality, unlawful arrest and self-defense.
This assignment of error has no merit.
ASSIGNMENT NO. 5
This final assigned error maintains that the evidence was insufficient to support Rogers’ convictions under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The state’s evidence and testimony strongly support the guilty convictions. Officers Guidry and Dufrene were in a marked police ear and they and other police officers acted reasonably and legally throughout in taking Rogers into custody. Undue force was not employed.
AFFIRMED.